# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 1, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CLAY MULLINS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0816**  (BOR Appeal No. 2050180)
(Claim No. 2012012735)

**SPEED MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clay Mullins, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Speed Mining, LLC, by Henry Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 27, 2015, in which the Board affirmed a January 30, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 24, 2014, decision denying Mr. Mullins's request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mullins filed an application for permanent total disability benefits on March 8, 2013, after sustaining multiple work-related injuries over the course of several years. Additionally, he has amassed more than a sum of 50% in prior permanent partial disability awards as is necessary to prosecute a claim for permanent total disability benefits pursuant to West Virginia Code § 23-4-6(n)(1) (2015). Prasadarao Mukkamala, M.D., performed an independent medical evaluation on November 13, 2013, and authored a report memorializing his findings on November 14, 2013. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*

1

(4th ed. 1993) in conjunction with West Virginia Code of State Rules § 85-20 (2006), he opined that Mr. Mullins sustained 19% whole person impairment as a result of injuries to his spinal column, 0% whole person impairment as a result of injuries to his right knee, 0% whole person impairment as a result of injuries to his right ankle, 0% whole person impairment as a result of injuries to his left hand, 0% whole person impairment as a result of injuries to his left eye, 0% whole person impairment as a result of injuries to his right thigh and leg, 0% whole person impairment as a result of injuries to his left ankle, 0% whole person impairment as a result of injuries to his right hand, and 0% whole person impairment as a result of injuries to his left shoulder. Dr. Mukkamala also noted that Mr. Mullins has received a 10% permanent partial disability award for occupational pneumoconiosis and a 0.18% permanent partial disability award for occupational hearing loss. Utilizing the Combined Values Chart contained in the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, Dr. Mukkamala opined that Mr. Mullins sustained a total of 27.18% whole person impairment.

Following Dr. Mukkamala's independent medical evaluation, the Permanent Total Disability Review Board reviewed Mr. Mullins's application for permanent total disability benefits pursuant to the provisions of West Virginia Code § 23-4-6(n)(1). Upon review, the Permanent Total Disability Review Board concluded that the results of Dr. Mukkamala's independent medical evaluation are credible, reliable, and accurately reflect the amount of Mr. Mullins's whole person impairment. The Permanent Total Disability Review Board concluded that Mr. Mullins sustained 27% whole person impairment.[1] Following the Permanent Total Disability Review Board's issuance of its final recommendations, the claims administrator denied Mr. Mullins's request for a permanent total disability award on July 24, 2014.

Bruce Guberman, M.D., performed an additional independent medical evaluation on October 17, 2014, and authored a report summarizing his findings on the same date. Dr. Guberman also utilized the American Medical Association's *Guides to the Evaluation of Permanent Impairment* in conjunction with West Virginia Code of State Rules § 85-20 and opined that Mr. Mullins sustained 13% whole person impairment as a result of injuries to the lumbar spine, 6% whole person impairment as a result of injuries to the thoracic spine, 8% whole person impairment as a result of injuries to the cervical spine, 8% whole person impairment as a result of injuries to the right knee, 0% whole person impairment as a result of injuries to the right ankle, 0% whole person impairment as a result of injuries to the left hand, 0% whole person impairment as a result of injuries to the left eye, 0% whole person impairment as a result of injuries to the right leg, 4% whole person impairment as a result of injuries to the left ankle, 7% whole person impairment as a result of injuries to the right hand and wrist, and 7% whole person impairment as a result of injuries to the left shoulder. Dr. Guberman also noted that Mr. Mullins

---

[1] It appears that the Permanent Total Disability Review Board did not include the 0.18% permanent partial disability award for occupational hearing loss in its findings. As the Permanent Total Disability Review Board adopted Dr. Mukkamala's conclusions, which do include this award, it appears that the Permanent Total Disability Review Board's exclusion of this award may be a typographical error.

received a 10% permanent partial disability award for occupational pneumoconiosis.[2] He opined that Mr. Mullins sustained 56% whole person impairment. However, in calculating the amount of Mr. Mullins's total whole person impairment, Dr. Guberman did not utilize permanent impairment values obtained by applying West Virginia Code of State Rules § 85-20.[3]

In its Order affirming the July 24, 2013, claims administrator's decision, the Office of Judges held that Mr. Mullins has failed to meet the 50% whole person impairment threshold necessary for further consideration of a permanent total disability award enumerated in West Virginia Code of State Rules § 23-4-6(n)(1). The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 27, 2015. On appeal, Mr. Mullins asserts that the evidence of record demonstrates that he has met the 50% whole person impairment threshold necessary for further consideration of a permanent total disability award. Additionally, Mr. Mullins asserts that the Office of Judges erred in finding that he did not sustain any permanent impairment for injuries to his left shoulder, given that he was previously granted a 1% permanent partial disability award for a left shoulder injury.

The Office of Judges did not discuss the Permanent Total Disability Review Board's findings, and provided no explanation for its failure to do so.[4] Additionally, the Office of Judges apparently rejected portions of both Dr. Mukkamala's and Dr. Guberman's reports based upon their application of West Virginia Code of State Rules § 85-20 when determining the amount of permanent impairment arising from Mr. Mullins's spinal injuries. The Office of Judges then indicated that the range of motion model is the proper method for determining the amount of permanent impairment arising from spinal injuries. However, West Virginia Code of State Rules § 85-20-64.1 (2006) provides:

> Permanent partial disability assessments shall be determined based upon the range of motion models contained in the Guides Fourth. Once an impairment level has been determined by range of motion assessment, that level will be compared with the ranges set forth below. Permanent partial disability assessments in excess of the range provided in the appropriate category as identified by the rating physician shall be reduced to within the ranges set forth below.

---

[2] Dr. Guberman's report does not mention Mr. Mullins's 0.18% permanent partial disability award for occupational hearing loss.

[3] If the Combined Values Chart contained within the American Medical Association's *Guides to the Evaluation of Permanent Impairment* is applied to the amount of permanent impairment Dr. Guberman calculated pursuant to the provisions of West Virginia Code of State Rules § 85-20, it appears that Mr. Mullins sustained 49% whole person impairment.

[4] Pursuant to West Virginia Code § 23-4-6(n)(1), the Permanent Total Disability Review Board is charged with determining whether a claimant has met the 50% whole person impairment threshold necessary for further consideration of a permanent total disability award.

West Virginia Code of State Rules §§ 85-20-64.2–85-20-64.4 (2006) defines a series of impairment ranges for the lumbar, thoracic, and cervical spine.

Rather than adopt either Dr. Mukkamala's or Dr. Guberman's report as a whole, the Office of Judges proceeded to recalculate the amount of Mr. Mullins's whole person impairment piecemeal by utilizing portions of data from both Dr. Mukkamala and Dr. Guberman. Regarding Mr. Mullins's spinal impairment, the Office of Judges used range of motion measurements obtained by both Dr. Mukkamala and Dr. Guberman prior to their application of West Virginia Code of State Rules § 85-20. Ultimately, the Office of Judges arrived at a calculation of 46.18% whole person impairment and, like the Permanent Total Disability Review Board, concluded that Mr. Mullins failed to meet the 50% whole person impairment threshold necessary for further consideration of a permanent total disability award.

Although the Office of Judges improperly calculated the amount of Mr. Mullins's whole person impairment and failed to address the findings of the Permanent Total Disability Review Board, its erroneous reasoning does not amount to reversible error. The Permanent Total Disability Review Board and Dr. Mukkamala both concluded that Mr. Mullins failed to meet the 50% threshold necessary for further consideration of a permanent total disability award. Additionally, Dr. Guberman's findings that he obtained by properly applying West Virginia Code of State Rules § 85-20 also demonstrate that Mr. Mullins failed to meet the 50% threshold. Therefore, the findings of both Dr. Mukkamala and Dr. Guberman obtained by applying the American Medical Association's *Guides to the Evaluation of Permanent Impairment* in conjunction with West Virginia Code of State Rules § 85-20, as well as the conclusions of the Permanent Total Disability Review Board, clearly support the Office of Judges' conclusion that Mr. Mullins did not sustain 50% or more whole impairment as is necessary for further consideration of a permanent total disability award. Finally, Mr. Mullins alleges that the Office of Judges, Permanent Total Disability Review Board, and Dr. Mukkamala erred in failing to attribute a 1% whole person impairment rating to his left shoulder injury because he has previously received a 1% permanent partial disability award for this injury. However, as was noted by the Board of Review, even if 1% whole person impairment is included for the left shoulder, Mr. Mullins still fails to reach the 50% whole person impairment threshold.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 1, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II